IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| vs. | : | CRIMINAL CASE NO. 08-2630JKB |
| 4907 LISBOROUGH TERRACE BOWIE, MARYLAND and ITEMS CONTAINED THEREIN | : | |
| Defendant | : | |

: : : :

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| vs. | : | CRIMINAL CASE NO. 08-2631JKB |
| 910 PHILADELPHIA AVENUE SILVER SPRING, MARYLAND and ITEMS CONTAINED THEREIN | : | |
| Defendant | : | |

: : : :

## MEMORANDUM AND ORDER

Pending before the Court is the Motion of Randolph B. Rodman for Return of Property and to Unseal the Affidavits Supporting Warrants in Cases No. 08-2630-JKB and 08-2631-JKB (Papers No. 7 and 8, respectively. The Court has considered the Motion, the Government's Response, and Mr. Rodman's Reply, as well as an additional *ex parte* submission by the Government. A hearing is necessary to address one concern in the Motion. The Motion is GRANTED IN PART, HELD IN ABEYANCE IN PART, and DENIED IN PART.

The basis for the Motion is Rule 41(g), Federal Rules of Criminal Procedure.[1] Movant is not contesting the retention of property that is currently the subject of forfeiture proceedings, with one exception. (Motion 4-6.) The exception is six machines that Movant claims do not fit the statutory definition for articles subject to seizure. The Court declines to address this argument because the pending forfeiture proceedings deprive the Court of jurisdiction over a Rule 41(g) proceeding as to all property at issue in the forfeiture cases. *See Ibarra v. United States*, 120 F.3d 472, 475-76 (4th Cir. 1997) (applying holding to Rule 41 motion during pendency of Drug Enforcement Administration forfeiture proceeding).

That conclusion does not apply to any property not the subject of forfeiture proceedings. The Government says it has returned to Movant the following items: three computers, three cell phones, eleven boxes of business records, and $36,324 in cash. It is not possible for the Court to determine, based upon what it has before it, what still remains in the Government's possession. Movant has contended that the Government should have provided more specificity in its inventories pursuant to Rule 41(f), Federal Rules of Criminal Procedure; for example, fifty boxes were described as containing "miscellaneous documents." Motion at 10. His point is not without merit. Consequently, a hearing is necessary to determine what property can be returned to Movant and to determine, for the property the Government legitimately wishes to retain, a legally appropriate and practical solution to this problem of vague and general inventories. The Court notes that other courts have found an alternative to detailed inventories where a movant has been permitted access to seized documents and/or provided copies of them at Government expense. *See United States v. Ogden*, 2008 WL 2247074, at *13 (W.D. Tenn. May 28, 2008); *Matter of Searches of Semtex Indus. Corp.*,

---

[1] Movant has incorrectly indicated the jurisdictional basis as Rule 41(f).

876 F. Supp. 426, 430-31 (E.D.N.Y. 1995) (citing *United States v. Birrell*, 269 F. Supp. 716 (S.D.N.Y. 1967)). The Government has said that it has provided copies of Movant's Firearm Acquisition and Disposition Book to Movant, so that point seems resolved. Movant further seeks copies of registration papers for firearms that were not seized by the Government; this point is of special importance because of what Movant says is the potential for criminal penalties when one possesses firearms without also possessing registration papers. Motion at 8-10. The parties appear to be in agreement in principle as to this request but not as to logistics; the Court DIRECTS counsel to confer and to resolve this problem before the hearing.

In sum, at the hearing, the Government needs to describe with precision those items that it took from Movant and now retains and that are not subject to forfeiture. Alternatively, the Government may opt to return this property or to provide the Movant with copies to the extent that the property consists of records.

Movant also requests the unsealing of the affidavits supporting the search warrants. Motion at 11. The Government has persuaded the Court that unsealing the affidavits would be detrimental to its continuing, complex, multi-jurisdictional investigation, thus satisfying the requirement of a compelling governmental interest. *See In re Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989). The Court is called upon, however, to insure that seal orders are "narrowly tailored" to the compelling governmental interest. *Id.* In that vein, the Court concludes that the affidavits should remain sealed for only a limited amount of time. *See Searches of Semtex*, 876 F. Supp. at 429 (alternative to redaction of affidavit was time limit on documents remaining sealed). Therefore, the affidavits shall remain sealed for six months from the date of this Order or until the Government consents to unsealing, whichever first occurs. If the Government intends to seek an extension of this

sealing order, then it is advised to do so before the expiration of six months; such a request may be supported with another, updated, *ex parte* explanation.

Therefore, IT IS ORDERED that the MOTION is GRANTED IN PART: Counsel for both parties are directed to confer, resolve outstanding details, and then accomplish return of the firearms registration papers referenced herein. The MOTION is HELD IN ABEYANCE insofar as it seeks the return of other property not subject to forfeiture proceedings; a hearing shall be held on **Monday, March 9, 2009, at 1:30 p.m., Courtroom 7C**, to address this question. The MOTION is otherwise DENIED, subject to the Court's directions herein. The Court declines to provide Movant with a copy of the Government's *ex parte* letter of January 27, 2009, with the Government's motion to seal, or with the Court's order to seal.

Dated this 23 day of February, 2009.                     BY THE COURT:

_____
James K. Bredar
United States Magistrate Judge