IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 MAY -6 A 11: 55

CLERK'S OFFICE

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF 4907 LISBOROUGH TERRACE, BOWIE, MARYLAND 20720, AND ITEMS CONTAINED THEREIN | : : : : : : : : | CRIMINAL CASE NO. 08-2630JKB |
| IN THE MATTER OF THE SEARCH OF 910 PHILADELPHIA AVENUE, SILVER SPRING, MARYLAND 20920 and ITEMS CONTAINED THEREIN | : : : : : : : : | CRIMINAL CASE NO. 08-2631JKB |

## MEMORANDUM AND ORDER

This matter previously came before the Court pursuant to a motion by Randolph B. Rodman for return of property (Paper Nos. 7 & 8) following warranted searches executed at the above-named addresses. Two orders were issued. Initially, the Court granted the motion in part by directing the parties to confer and resolve the return of the firearms registration papers, held the motion in abeyance, pending a hearing, insofar as it sought return of property not subject to forfeiture proceedings, and denied the motion in all other respects. (Paper No. 12.) Following a hearing, the Court ordered the Government to comply with one of four options, all of which were aimed at providing the Movant with more detailed information on the seized property. (Paper No. 15.)

The Government has filed a status report indicating that it has complied with Option 1 (*Id.* at 2). (Paper No. 18.) Mr. Rodman has filed a motion[1] requesting the Court supplement its March 9, 2009, order (Paper No. 15) by requiring the Government to provide him with a list of all records that have been determined to be non-evidentiary and directing their return within a reasonable time; also,

---

[1] This new motion was filed prior to the Government's filing of its status report.

Movant has sought rewording of Option 4. (Paper No.17.) Additionally, Mr. Rodman has responded to a matter raised at the hearing, which was whether the Government was obligated, under 18 U.S.C. § 923(g)(1)(D), to provide him with copies of all firearms business records seized, and has conceded that the statutory provision does not apply to seizures in criminal investigations pursuant to warrant. (Paper No.17, p. 5.) The Court agrees with this concession and so holds.

With regard to Movant's first request, the Court DIRECTS the Government to complete its process of sorting and evaluating the documents seized within one year of their seizure, which occurred on August 21, 2008. At the end of that year, or during that time whenever the Government determines that items do not have evidentiary value, the Court DIRECTS the Government to return to Movant any property that is not being retained for criminal investigatory or trial purposes.

As to Movant's second request, the Court DENIES AS MOOT the motion insofar as it seeks rewording of Option 4 since the Government has selected Option 1.

SO ORDERED this 5 day of May, 2009.

James K. Bredar
United States Magistrate Judge